# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYOCERA CORP., a Japan corporation; and KYOCERA WIRELESS CORP., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>HECMMA INC., a Texas corporation; EMPRESAS HECMMA S.A. de R.L. de C.V., a Mexican corporation; and HECTOR FIERRO, an individual,<br><br>　　　　　　　Defendants.<br>_____<br>HECMMA INC., and HECTOR FIERRO,<br><br>Defendants/Counterclaimants/Third Party Plaintiffs,<br><br>　　vs.<br>KYOCERA CORP. and KYOCERA WIRELESS CORP.,<br><br>Plaintiffs/Counterdefendants,<br><br>and JOHN CHIER,<br><br>　　　　　　　Third Party Defendant. | CASE NO. 04-CV-1347 H (CAB)<br><br>**ORDER GRANTING COUNTERDEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMANTS' PROMISSORY ESTOPPEL CLAIM** |

On August 23, 2006, this Court granted in part and denied in part Counterdefendants Kyocera Corporation and Kyocera Wireless Corporation's (collectively "Counterdefendants'") motion for summary judgment. (Doc. No.175.) In that order, the Court granted summary judgment as to all claims against Kyocera Corporation. Accordingly, counterclaims only remain pending against Kyocera Wireless Corporation ("KWC"). Also in that order, the Court granted Counterdefendants' request to submit additional briefing on their motion for summary judgment as to Counterclaimants Hecmma, Inc. ("Hecmma") and Hector Fierro's (collectively "Counterclaimants") promissory estoppel claim.

Counterdefendants filed their supplemental brief on September 5, 2006. (Doc. No. 179.) Counterclaimants have not filed a response. For the reasons stated below, the Court GRANTS Counterdefendants' motion for summary judgment as to the promissory estoppel claim.

## Discussion

**A.  Summary Judgment Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact on issues where the non-moving party will bear the burden at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Id. at 252.

/ / / /

Federal Rule of Civil Procedure 56(e) provides guidance where the nonmoving party does not respond, indicating that summary judgment may only be entered "if appropriate":

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As the Supreme Court outlined in <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160-61 (1970), the burden on the party opposing summary judgment only arises if the motion is properly "supported" as required by Rule 56(c). Thus, unless the moving party has met its initial burden of production under Rule 56(c), summary judgment is not "appropriate" under Rule 56(e). If the moving party does not meet this burden, "'summary judgment must be denied even if no opposing evidentiary matter is presented.'" <u>Id.</u> at 160 (quoting advisory committee notes to the 1963 amendments to Rule 56). Therefore, even where the nonmoving party fails to respond, a court must still find that no material issues of fact remain for trial and that the moving party is entitled to judgment as a matter of law before granting summary judgment. Otherwise, summary judgment is not appropriate. See, e.g., <u>Amaker v. Foley</u>, 274 F.3d 677, 681 (2d Cir. 2001); <u>Livernois v. Med. Disposables, Inc.</u>, 837 F.2d 1018, 1022 (11th Cir. 1988).

Finally, if the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (internal citation omitted).

**B.     Analysis**

Counterclaimants base their promissory estoppel claim on KWC's alleged promises to pay in the purchase orders it submitted to Counterclaimants. (First Amended Countercomplaint ¶ 33.) According to Counterclaimants, Hecmma reasonably relied on the promises to pay for the goods by purchasing materials and making components, and it suffered damages when the purchase orders were not paid. (Id.; Decl. Hector Fierro ¶ 5.) Further, Counterclaimants' responses to interrogatories confirm that the promises to pay underlying the promissory estoppel claim are those contained in the purchase orders. (Decl. Jill Houlahan, Ex. A, 2-3.)

Counterdefendants argue that promissory estoppel is inapplicable here, however, because Hecmma's performance under the purchase orders was requested at the time the orders were submitted. Thus, because the only promises were in the purchase orders, the promises were bargained for and supported by consideration, and promissory estoppel does not apply.

The elements for a promissory estoppel cause of action are: (1) a clear promise; (2) reliance; (3) substantial detriment; and (4) damages "measured to the extent of the obligation and not performed." Toscano v. Greene Music, 21 Cal. Rptr. 3d 732, 737 (Cal. Ct. App. 2004). Under California law, "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth., 1 P.3d 63, 66 (Cal. 2000).

Promissory estoppel, however, "is inapplicable where the promisee's performance was requested by the promisor at the time the promise was made." Healy v. Brewster, 380 P.2d 817, 822 (Cal. 1963); Signal Hill Aviation Co. v. Stroppe, 158 Cal. Rptr. 178, 183-84 (Cal. Ct. App. 1979); 30 Cal. Jur. 3d § 23 Estoppel and Waiver (2006). "In other words, where the promisee's reliance is bargained for, the law of consideration applies; and it is only where the reliance was unbargained for that there

1  is room for application of the doctrine of promissory estoppel." Healy, 380 P.2d at 822;
2  see also 30 Cal. Jur. 3d § 23 Estoppel and Waiver (2006).  The doctrine employs
3  equitable principles to supply the necessary consideration to satisfy the requirement that
4  consideration must be given in exchange for the promise sought to be enforced.  See
5  Kajima/Ray Wilson, 1 P.3d at 66; see also CalFarms, Inc. v. Krusiewicz, 31 Cal. Rptr.
6  3d 619 (Cal. Ct. App. 2005).

7       Counterclaimants' promissory estoppel claim is based on KWC's alleged
8  promises in purchase orders submitted to Hecmma. (First Amended Countercomplaint
9  ¶ 33.)  Thus, the alleged promises to pay are all connected to requests from KWC for
10 Hecmma to provide certain products.  Because all of the promises to pay were in
11 exchange for Hecmma's performance under the purchase orders, Hecmma's reliance
12 in purchasing materials and manufacturing components was requested by KWC at the
13 time it submitted the purchase orders, and thus, it amounts to consideration.  See, e.g.,
14 Youngman v. Nevada Irrigation District, 449 P.2d 462, 468 (Cal. 1969) (promissory
15 estoppel inapplicable where promisee's performance was requested at the time of the
16 promisor's promise, as law of consideration applies).  Therefore, because the promises
17 were not gratuitous, but were given in exchange for Hecmma's performance on the
18 purchase orders, the promises were supported by consideration and Counterclaimant's
19 claim for promissory estoppel must fail.  See id. at 468-69 (finding that defendants'
20 specific promises to plaintiff that he would be granted salary increases each year were
21 part of bargain under which plaintiff entered into employment with defendant, and thus,
22 could not form the basis of a claim for promissory estoppel); Walker v. KFC Corp., 728
23 F.2d 1215, 1218-20 (9th Cir. 1984) (where performance by plaintiffs was bargained for,
24 plaintiffs could not maintain an action for promissory estoppel under California law);
25 see also Arsape S.A. v. JDS Uniphase Corp., 2005 WL 2989296 (N.D. Cal. Nov. 3,
26 2005) (where only evidence of clear and ambiguous promises between the parties was
27 in written, bargained for purchase agreements, summary judgment entered on
28 promissory estoppel claim).

**Conclusion**

For the reasons stated above, the Court **GRANTS** summary judgment as to Counterclaimants' promissory estoppel claim.

IT IS SO ORDERED.

DATED: September 14, 2006

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

Jill S. Houlahan, Esq.
Chapin Wheeler, LLP
600 West Broadway, Suite 700
San Diego, CA 92101

Leon Schydlower, Esq.
Law Offices of Leon Schydlower
210 N. Campbell Street
El Paso, TX 79901